**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EVELYN CRILLY,**

              **Plaintiff,**

       **v.**                                   **6:00-CV-1024
                                                  (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**

              **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Law Office of Stephen J. Mastaitis  **STEPHEN J. MASTAITIS, ESQ.**
1412 Route 9P
Saratoga Springs, NY 12866

**FOR THE DEFENDANT:**

HON. GLENN T. SUDDABY            WILLIAM H. PEASE
United States Attorney                 Assistant U.S. Attorney
P.O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe
U.S. District Judge**

**DECISION AND ORDER**

**I. Introduction**

Claiming a neck impairment and carpal tunnel syndrome, Evelyn Crilly challenges the denial of disability benefits by the Commissioner. Crilly brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

**II. Procedural History**

Crilly claims that in December of 1991, she ceased working because of her disabling condition. (Tr. 83, 100).[1] She met the special insured status earning requirements of the Social Security Act for purposes of establishing entitlement to disability insurance benefits on the alleged date of onset, and continued to meet those requirements through December 1994. She filed for disability insurance benefits in March of 1998, her application was denied, a hearing was conducted by Administrative Law Judge Carl Stephen (ALJ). In June 1999, the ALJ issued a decision denying benefits, which became the Commissioner's final determination when the Appeals Council denied review on April 28, 2000.

---

[1] "(Tr. )" refers to the page of the Administrative Transcript in this case.

### III. **Contentions**

Crilly contends that the Commissioner's decision is not supported by substantial evidence. Specifically, she claims: 1) the ALJ incorrectly determined that she was able to perform past relevant work; and (2) evidence of her disability exists in the record. The Commissioner counters that substantial evidence supports the ALJ's decision.

### IV. **Facts**

The evidence in this case is undisputed and the court adopts the parties' factual recitations. *See Pl.'s Br. pp. 2-4, Dkt. No. 7; Def.'s Br. pp. 2-5, Dkt. No. 8*.

### V. **Discussion**

#### A. **Standard and Scope of Review**

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted). It does not determine *de novo* whether a claimant is disabled. *See Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citation omitted). Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual

3

disability determination is made by an ALJ, and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. *See Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (citation omitted); *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Failure to apply the correct legal standards is grounds for reversal." *Pollard*, 377 F.3d at 189 (internal quotation marks and citation omitted).

A court's factual review of the Commissioner's decision is limited to the determination of whether substantial evidence in the record supports the decision. *See* 42 U.S.C. § 405(g); *see also Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a

court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *See* 42 U.S.C. § 405(g); *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has the authority to affirm, reverse, or modify a final decision of the Commissioner with or without remand. 42 U.S.C. § 405(g); *Butts*, 388 F.3d at 385. Remand is warranted where there are gaps in the record and further development of the evidence is needed, or where the ALJ has applied an improper legal standard. *See Butts*, 388 F.3d at 385; *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's

decision. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (citation omitted). By contrast, reversal and remand solely for calculation of benefits is appropriate when there is "persuasive proof of disability" and further development of the record would not serve any purpose. *Rosa*, 168 F.3d at 83; *Parker*, 626 F.2d at 235; *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability). However, absent sufficient evidence of disability, delay alone is not a valid basis for remand solely for calculation of benefits. *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996) (citation omitted).

### B. Five-Step Disability Determination

A plaintiff seeking Social Security Disability Insurance (SSDI) benefits is disabled if she can establish that she is unable "to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

6

less than twelve months ..." 42 U.S.C. § 423(d)(1)(A)[2] (emphasis added).

The Commissioner uses a five-step process to evaluate SSDI claims. *See* 20 C.F.R. § 404.1520.[3] Step One requires the ALJ to determine whether the claimant is presently engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(b). If so, she is not considered disabled. However, if she is not engaged in SGA, Step Two requires that the ALJ determine whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant is found to suffer from a severe impairment, Step Three requires that the ALJ determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404,

---

[2] In addition, a claimant's physical or mental impairment or impairments [must be] of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.

42 U.S.C. § 423(d)(2)(A).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

[3] The court notes that a revised version of this section came into effect in September 2003. *See* 68 Fed. Reg. 51161-62 (Aug. 26, 2003). In the revised version, paragraph (e) clarifies the application of the residual functional capacity (RFC) determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior version's paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised version has no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old version, the court retains the old nomenclature in its analysis.

Subpart P, Appendix 1, § 404.1520(d).  The claimant is presumptively disabled if the impairment meets or equals a listed impairment.  *See Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's residual functional capacity (RFC) precludes the performance of her past relevant work.  20 C.F.R. § 404.1520(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. § 404.1520(f).

The claimant has the burden of showing that she cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once she has met that burden, the ALJ can deny benefits only by showing, with specific reference to medical evidence, that she can perform some less demanding work.  *See White v. Sec'y of Health & Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if she can perform other work existing in the national economy.  20 C.F.R. § 404.1520(f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that Crilly satisfied Step One because she had not worked since December 1991.  (Tr. 16, 18).  In Step Two, the ALJ

8

determined that she suffered from a severe neck impairment. (Tr. 16). In Step Three, the ALJ determined that Crilly's neck impairment failed to meet or equal a combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 18, 23). In Step Four, the ALJ determined that Crilly had the RFC to perform her previous work except she was unable to lift more than 20 pounds occasionally or 10 pounds frequently. More Specifically, Crilly's past relevant work as an office worker did not require the performance of work activities precluded by the above limitations and therefore he found she maintained the RFC to perform her former job. (Tr. 19). The ALJ did not consider Step Five because he determined Crilly could perform her former work duties at the time she was insured. Consequently, he found Crilly not disabled and denied benefits. (Tr. 19).

### C. Medical Evidence for Crilly's RFC

Crilly argues that she was disabled prior to the date last insured and that her disability prevented her from performing her previous relevant work.[4] Specifically, Crilly argues that she stopped working because of severe headaches, her inability to sit with her head down, and pain in her

---

[4]Crilly's former office work duties included: answering phones, light filing and billing.

neck and arms. (Tr. 29-37,110-14).

To be eligible for disability insurance benefits, the plaintiff must establish that she became disabled prior to the expiration of her insured status on December 31, 1994. It is well established that evidence of an impairment that reached disabling severity after the expiration of insured status, or which was exacerbated after such expiration, cannot be the basis for the determination of entitlement to a period of disability and disability insurance benefits, even though the impairment itself may have existed before plaintiff's insured status expired. *Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989); *Vitale vs. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y 1999).[5] Also, it is not sufficient that the evidence simply establish the presence of an impairment, rather, the evidence must show that the disease or impairment caused functional limitations that precluded the plaintiff from engaging in any substantial gainful activity. *Coleman v. Shalala*, 895 F. Supp 50, 53 (S.D.N.Y 1995); *Murphy v. Sec'y of Health and Human Servs,* 872 F. Supp 1153, 1155 (E.D.N.Y. 1999).

The ALJ based his decision on four key medical records completed

---

[5]When asked by the ALJ at the hearing why she did not apply for benefits earlier, Crilly responded that at the time, she did not understand she could do so. (Tr. 37).

within the time period when Crilly was insured by the Social Security Act, including an Electrodiagnostic Study (EMG), X-rays, a Magnetic Resonance Image (MRI) completed in 1993 and a physical examination.[6]

In particular, the ALJ considered the physical examination completed in December 1993 by Crilly's treating physician, Dr. Peter Ajemian. (Tr. 160, 161). Dr. Ajemian opined that Crilly was a "youthful appearing woman who is active in many activities," "physically fit... with some restriction in her forward flexion and extension," but with "no motor, sensory, and reflex abnormalities." (Tr. 17, 160). In addition, Dr. Ajemian made no specific finding of disability and did not document any restrictions upon Crilly's ability to do work. He recommended home flexibility exercise and referred Crilly to a physical therapist for her neck pain. (Tr. 160). Dr. Ajemian, in reviewing MRI results, opined that she suffered from moderate broad based disc bulges at the C5-6 and C6-7 level, with no cord compression or lateral recess narrowing. (Tr. 16, 161).

Further, an X-ray of Crilly's spine showed a narrowing of the C6-7 bilaterally. Dr. Ajemian referred Crilly to Dr. Capulong to perform an EMG in April 1991. Dr. Capulong found left and right carpal tunnel syndrome but

---

[6]Although, Crilly offers medical evidence after December 1994, it was not considered by the ALJ since it did not reflect Crilly's medical status when she was insured.

11

did not make any findings of disability.  (Tr. 16, 161).

Crilly contends that a report completed in July of 1998 by physical therapist, Stephen Bassin showed she was disabled.  Crilly maintains that prior to December of 1994, she was being treated for chronic back pain, muscle spasms, and degenerative joint disease in her cervical spine (*See Pl.'s Br. p. 5, Dkt. No. 7*).  The report describes office visits from 1992 and 1996 when Crilly came to Bassin's office to receive treatment consisting of massage, moist heat and electric stimulation for the pain in her back and neck.  (Tr. 154).

In addition to Bassin's report, Crilly points to a 1991 Radiographic Report completed by Dr. Belman, a hospital radiologist, which found that she had narrowed disc space and osteoarthritis.  Crilly also points to a 1997 report completed by Dr. Capulong, which describes Crilly's continuous symptoms including chronic neck pain, numbness in her shoulder, spasm in her neck muscles and limited range of motion.  (*See Pl.'s Br.p. 4, Dkt. No. 7*, Tr. 130, Tr. 132-33).

Regardless of Crilly's arguments to the contrary, the ALJ's decision was supported by substantial evidence for several reasons.  First, her treating doctor (Dr. Ajemian) did not find her disabled.  He found her

"physically fit" and "active in many activities." (Tr. 17, 160). Although, the 1997 and 1998 medical reports show evidence of Crilly's impairments, they were completed long after Crilly's insurance coverage expired and therefore were properly not considered in the ALJ's decision.[7] Crilly offered no other evidence establishing that she was incapable of performing her previous relevant work during the time she was insured. Accordingly, the ALJ's decision was supported by substantial evidence.

### D.  Subjective Claims of Pain

Crilly also claims disability due to pain. The ALJ must consider the claimant's subjective allegations of pain as a basis for disability under 20 C.F.R. 404.1529. Disability requires more than the inability to work without pain. *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d. Cir. 1983). Rather, "[t]o be disabling, pain must be so severe...as to preclude any substantial gainful employment." *Id*.

Here, the record shows that Crilly's pain was not disabling. During the time Crilly was insured she was described by her doctor as "physically fit" and "active in many activities." (Tr. 160). Crilly's hearing testimony

---

[7] Crilly also argues that because of her advanced age and unskilled former work there should be a finding of mandatory disability. (*See* Pl.'s Br., unnumbered pp. 2-4, Dkt. No. 7). The ALJ properly did not consider the claimant's age because at the time she was covered by the Social Security Act she was not of advanced age.

reveals that she was capable of driving, doing light shopping, cooking and visiting. (Tr. 26, 103-110). While later records show that Crilly may have been disabled subsequent to the insured date, there is nothing to substantiate her claims of a disabling level of pain prior to December of 1994. (Tr. 17).

While it may be that Crilly suffered from some pain, the ALJ's decision is supported be substantial evidence.

## VI.  Conclusion

After careful review of the entire record, and for the reasons stated, the Commissioner's denial of benefits was based on substantial evidence and not erroneous as a matter of law. Accordingly, the ALJ's decision is affirmed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court provide a copy of this Order upon the parties.

**IT IS SO ORDERED.**

September 30, 2005
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

14